## DEBTS IN THE HANDS OF AN ADMINISTRATOR.

Court of Appeals for Monroe County.

URPMAN v. URPMAN ET AL.

Decided, November 13, 1913.

*Estates of Decedents—Promissory Note of Administrator Upon Which the Decedent Was Surety—Not Chargeable as Assets in the Hands of the Maker, When.*

Where the surety upon an unpaid promissory note dies and the principal maker thereof is appointed and qualified as administrator of such surety's estate, the debt represented by such note is not chargeable as assets in the hands of the administrator, before the estate has been required to pay the same or it has been presented and allowed as a valid claim against the estate.

*Jeffers, Moore & Devaul* and *Harry C. Shepherd,* for plaintiff in error.

*Lynch & Lynch* and *Matz & Kramer,* contra.

METCALFE, J.; NORRIS, J., and POLLOCK, J., concur.

The facts necessary to an understanding of the questions involved in this case are briefly as follows: George H. Urpman was principal and Peter C. Urpman surety upon certain notes. Peter C. Urpman died in 1906, and George H. Urpman and A. W. Urpman, his sons, were appointed and qualified as administrators of his estate. Some of the notes in question have been reduced to judgment, but none of them has been paid. The notes were not included by the administrators in the inventory, nor did they charge themselves with them in their accounts as assets of the estate. Exceptions were filed to the inventory and accounts of the administrators on the ground that the notes should have been inventoried and that the administrators should charge themselves with them as assets in their hands. The exceptions were referred to a master commissioner for hearing and determination. In his report the master commissioner held as matter of law that the notes, including those reduced to judg-

ment, are assets in the hands of the administrators under favor of Section 10691, General Code. Exceptions to the finding of this master commissioner raise the only question to be determined here. There can be no doubt that under the law of Ohio a debt owing either by an executor or administrator to his decedent at the time of his death becomes assets in his hands as administrator or executor. *Bigelow* v. *Bigelow*, 4 Ohio, 138; *Hall* v. *Pratt*, 5 Ohio 72; *Tracy* v. *Card*, 2 Ohio St., 431; *In re Raab*, 16 Ohio St., 273; Section 10691, General Code.

The question here is, where the surety upon a note dies and the principal maker qualifies as administrator of his estate, does the debt become assets in his hands as such administrator if neither the decedent nor his estate has been compelled to pay it? The master commissioner based his holding upon the authority of *Yakey* v. *Strunk*, a case which was affirmed by the circuit court. We do not doubt that that case was decided right on its merits; but the facts differ from the case at bar. There the principal maker became executor of the will of the deceased surety, and paid his own notes as they became due as claims against the estate out of the funds thereof. The opinion demonstrates clearly the duty of the executor to charge himself with the debt as assets under these circumstances. We do not, however, find ourselves in harmony with that part of the opinion which holds to the conclusion that the liability of the surety to his principal is an unqualified debt of the surety to his principal. The reason of the rule which requires the debtor upon becoming administrator of his creditor's estate to charge himself with the debt in thus stated in *Winship* v. *Bass*, 12 Mass., 199:

"The executor having voluntarily assumed the trust, which prevents any other from receiving, and being unable to sue himself, he shall be considered as having paid the debt, and as holding the amount in his hands as administrator."

In *Shields* v. *Odell*, 27 Ohio St., 398, it is held to apply only where the administrator or executor owes the debt individually and unconditionally. And in *James* v. *West*, 67 Ohio St., 28, it is said in the opinion, page 45:

"While under the rule of decision of this court in *Bigelow* v. *Bigelow, Hall* v. *Pratt* and *Tracy* v. *Card*, *supra*, debts owing by an administrator to the estate are to be regarded and treated as assets in his hands, the rule is so far unsatisfactory that it should not be extended, but should be confined to cases in which the administrator owes the debt individually and unconditionally. The statute, Section 6069, Revised Statutes (Section 10691, General Code), when fairly construed, does not go further." Citing in support of this proposition *Shields* v. *Odell, supra,* and *Rossman* v. *McFarland,* 9 Ohio St., 369.

We do not think that the liability of the surety to the principal is an unconditional liability. The surety could not bring an action against the principal to recover the indebtedness until he has paid it. He may compel the creditor to proceed against the surety to collect the indebtedness. But having no right to sue the surety before the debt was due the reason of the rule that the administrator can not sue himself fails, for the case is no different in that respect than it was before the death of his decedent, while the creditor, that is, the holder of the note, may bring his action against the administrator as such, and also against him individually, as surety on the note. Hence, we think the rule does not apply in this case. Whether it will apply if the estate is compelled to pay the debt is not decided. The exceptions to the report of the master commissioner are sustained.